UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CIRO GONZALEZ,<br><br>      Plaintiff,<br> v.<br><br>MATTHEW PENNELL, *et al.*,<br><br>      Defendants. | Case No. 3:24-cv-00500-MMD-CSD<br><br>ORDER |

**I. SUMMARY**

Plaintiff Ciro Gonzalez sued public defenders Matthew Pennell, Kirsty Pickering, Nestor Marcial, Lauren Gorman, and private investigator Nicholas Czegledi under 42 U.S.C. § 1983. (ECF No. 1-1.) On February 13, 2025, the Court adopted United States Magistrate Judge Craig S. Denney's Report and Recommendation (ECF No. 4 ("R&R")), dismissing Plaintiff's complaint (ECF No. 1-1). (ECF No. 5.) The Court also granted Plaintiff leave to amend within 30 days of the entry of the order. That deadline expired and Plaintiff did not file an amended complaint, move for an extension, or otherwise respond.

**II. DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Plaintiff has not filed an amended complaint, and the circumstances here do not indicate that Plaintiff needs additional time to file an amended complaint. Moreover, the Court notes that Judge Denney's R&R, which was adopted by the Court, recommended dismissing the Complaint without prejudice.

### III.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on the Court's adoption of Judge Denney's R&R (ECF Nos. 4, 5) and

Plaintiff's failure to file an amended complaint in compliance with the Court's February 13, 2025 order.

The Clerk of Court is directed to enter judgment accordingly and close this case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 3rd Day of December 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE